When appraisement is suspended and when appraisement is vacated, is an issue that has been before our appeals court. The distinction laid down is that when the trial court lacks jurisdiction in reappraisement, it cannot be said that the appraisement was vacated, for when it has been determined that there was no valid appeal, the appraiser's appraisement becomes at once vital and effective. *Carey & Skinner* v. *United States*, 16 Ct. Cust. Appls. 382.

That is the well-established rule in such a case. That is not the case here. We have held that the court does have jurisdiction in reappraisement, because timely appeal was filed. This finding of jurisdiction in reappraisement requires the trial judge *de novo* to determine the value of the merchandise.

Congress has prescribed a clear legal remedy in such a case as this. Section 2636(d), United States Judicial Code. Where there is an adequate legal remedy, it is axiomatic that there can be no resort to equity.

It remains to point out, in order to obviate misunderstanding, that plaintiff's reliance in his brief on *Nozaki Bros., Inc., et al.* v. *United States*, 41 Cust. Ct. 245, C.D. 2048, is confusing. In the *Nozaki* case, there was no question but that there had been valid appraisement of the merchandise at the time of the collector's liquidation. Here, there was not a valid appraisement effective at the time when the collector liquidated. The situations are so different in their legal nature and possible consequences as to make citation of carefully excerpted language from *Nozaki* both inapt and misleading.

The liquidation is void because the appraisement on which the collector relied was then invalid, having been vacated by timely appeal to reappraisement still pending. Pursuant to section 2636(d) of the Judicial Code, the matter must be remanded to a single judge in reappraisement to determine the proper dutiable value of the merchandise.

No. 63622.—H. P. Lambert Company et al. *v.* United States, protests 715471–G, etc. (Boston).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiffs was sustained.

No. 63623.—Brockton Wholesale Bev. Co. et al. *v.* United States, protests 957320–G, etc. (Boston).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiffs was sustained.